UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

APPROXIMATELY $8,901 US CURRENCY,

        Defendant.

Case No. 22-cv-1121-pp

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (DKT. NO. 10) AND DISMISSING CASE**

On September 26, 2022, the plaintiff filed a complaint for *in rem* civil forfeiture. Dkt. No. 1. On December 1, 2022, the plaintiff filed an application for entry of default, dkt. no. 9, and the clerk entered default the next day. Along with the application for entry of default, the plaintiff filed a motion for default judgment. Dkt. No. 10. The court will grant that motion.

**I.    Entry of Default**

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party must first seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). The plaintiff did so on December 1, 2022. Dkt. No. 9. The court must assure itself that the defendant was aware of the suit and still did not respond.

The complaint indicates that on or about April 27, 2022, officers seized approximately $8,901 in United States currency ("the defendant property")

1

from Keandre Johnson in West Allis, Wisconsin. Dkt. No. 1 at ¶2. On September 27, 2022, the clerk issued a warrant for arrest *in rem.* On or about October 3, 2022, the United States Marshals Service returned the executed warrant and took custody of the defendant property. Dkt. No. 5. On September 29, 2022, the government provided notice of the complaint, via certified mail, to Keandre Johnson. Dkt. No. 4; Dkt. No. 10 at ¶4. The notice and attached complaint were signed for and accepted by, or on behalf of, Johnson on October 12, 2022. Dkt. No. 7 at 1; Dkt. No. 10 at ¶5. The notice explained that a complaint had been filed in this district and that any claimant must file a verified claim meeting the requirements of Rule G(5)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims with the Clerk of the United States District Court for the Eastern District of Wisconsin within thirty-five days of the date of the notice. Dkt. No. 4. The notice also explained that any claimant must serve an answer within twenty-one days of the filing of the claim. Id. On October 28, 2022, the government filed its declaration of publication, stating that notice of civil forfeiture had been posted on an official government internet site (www.forfeiture.gov) for at least thirty consecutive days (beginning on September 27, 2022), as required by Rule G(4)(a)(iv)(C). Dkt. No. 6.

The thirty-five-day time limit expired on November 3, 2022. On November 8, 2022, the government filed a letter advising the court that if no claimant filed a verified claim by November 25, 2022, it would seek default judgment. Dkt. No. 7 at 2. The government indicates that it sent copies of this letter by

2

both certified and first-class mail to Keandre Johnson. Dkt. No. 10 at ¶9. The copy sent by certified mail was delivered and accepted by, or on behalf of, Johnson on November 10, 2022. Id. To date, no one has filed an answer or a claim to the property.

## II. Plaintiff's Motion for Default Judgment (Dkt. No. 10)

After the entry of default, the plaintiff may move for default judgment under Rule 55(b). Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. Quincy Bioscience, LLC v. Ellishbooks, 957 F.3d 725, 729 (7th Cir. 2020) (citing Wehrs v. Wells, 688 F.3d 886, 892 (7th Cir. 2012)). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint." e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th Cir. 2007). However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement

3

Co. v. Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)). See also Wehrs, 688 F.3d at 892 ("Damages must be proved unless they are liquidated or capable of calculation.") (citation omitted).

The well-pleaded allegations of the complaint demonstrate that the $8,901 is subject to forfeiture under 21 U.S.C. §881(a)(6) because it was "used or intended to be used in exchange for controlled substances, represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of 21 U.S.C. § 841(a)(1)." Dkt. No. 1 at ¶7. The complaint asserts that during a controlled buy in March of 2022, Keandre Johnson sold a confidential source (CS) approximately 0.14 grams of fentanyl and approximately 0.44 grams of cocaine. Id. at ¶11. During a separate, second controlled buy in March 2022, Johnson sold the CS approximately 0.63 grams of methamphetamine. Id. at ¶12. During a third controlled buy in March 2022, Johnson sold the CS approximately 0.94 grams of cocaine and approximately 0.88 grams of methamphetamine. Id. at ¶13.

The complaint states that on April 27, 2022, officers planned to arrest Johnson due to his drug trafficking activities; surveilling officers located Johnson sitting as the sole occupant inside a vehicle parked near 2971 North 22nd Street in Milwaukee. Dkt. No. 1 at ¶14. The complaint alleges that as arresting officers moved in on the parked vehicle, Johnson made certain movements in an apparent attempt to conceal something in his waist area. Id. at ¶15. Officers arrested Johnson at the scene and located a digital scale with residue inside the vehicle. Id. at ¶¶16–17. The complaint states that during a

search of Johnson incident to arrest, officers noted unknown objects near Johnson's groin and thigh areas, but when officers asked Johnson to identify those objects, Johnson refused. Id. at ¶18. The complaint asserts that officers transported Johnson to the police station while maintaining constant surveillance of him. Id. at ¶19. The complaint alleges that at the police station, officers conducted a strip search of Johnson and discovered the following items on Johnson's person:

- A total of approximately $9,181 in United States currency.
- Two baggies containing a total of approximately 16.42 grams of methamphetamine.
- Two baggies containing a total of approximately 5.64 grams of crack cocaine.
- Two baggies containing a total of approximately 8.97 grams of powder cocaine.
- One baggie containing approximately 17 grams of fentanyl.

Id. The complaint states that the $9,181 located on Johnson's person included $280 in buy money from the CS's three March 2022 buys of controlled substances from Johnson. Id. After subtracting the $280 in buy money, the remaining $8,901 is the defendant property in this case. Id.

On April 29, 2022, Johnson was charged in Milwaukee County Circuit Court Case No. 22CF1663 with (1) possession of cocaine with intent to deliver, (2) possession of narcotics with intent to deliver and (3) possession of amphetamine/methamphetamine with intent to deliver. Dkt. No. 1 at ¶20.

Because the court accepts these well-pleaded allegations as true and because no claimant with a valid interest filed a claim within the statutory

period, the court finds that the plaintiff is entitled to default judgment in the amount of $8,901 (the amount seized minus the buy money).

### III. Conclusion

The court **GRANTS** the plaintiff's motion for default judgment. Dkt. No. 10.

The court **ORDERS** that the clerk must enter default judgment in favor of the plaintiff and against the defendant in the amount of $8,901.

The court **ORDERS** that the $8,901 is **FORFEITED** to the United States of America and that no right, title or interest in the defendant property shall exist in any other party.

The court **ORDERS** that the United States Marshals Service for the Eastern District of Wisconsin or its duly authorized agent must seize the defendant property and must dispose of it according to law.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 27th day of December, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**